SQUIRE, SANDERS & DEMPSEY L.L.P.
Michael E. Sobel, Esq. (State Bar No. 121913)
msobel@ssd.com
Barry D. Brown, Jr., Esq. (State Bar. No. 233544)
bbrown@ssd.com
600 Hansen Way
Palo Alto, California 94304-1043
Telephone: (650) 856-6500
Facsimile: (650) 843-8777

Attorneys for Plaintiff
WILLIAM R. KRONE III dba
DEJA VIEW VIDEO PRODUCTIONS

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WILLIAM R. KRONE III dba DEJA VIEW VIDEO PRODUCTIONS,<br><br>Plaintiff,<br><br>vs.<br><br>DEJA VIEW, INC.,<br><br>Defendant. | Case No. C 05-05024 BZ<br><br>**STIPULATION FOR ENTRY OF JUDGMENT, AND [PROPOSED] ORDER** |

Plaintiff William R. Krone III dba Deja View Video Productions ("Krone"), on the one hand and Defendant Deja View, Inc. ("Deja View, Inc."), on the other hand, collectively referred to herein as the "Parties," hereby stipulate as follows, to resolve this lawsuit.

1. On December 6, 2005, Krone filed in the United States District Court for the Northern District of California a Complaint for Trademark Infringement, Trade Name Infringement, and Unfair Competition, against Deja View, Inc. Deja View, Inc.'s deadline to respond to the Complaint was no later than January 20, 2006, Deja View, Inc. having been served with and received the lawsuit Summons and Complaint and related lawsuit papers the prior month; no response has yet been filed.

///

2. This Court has jurisdiction over the Complaint pursuant to 28 U.S.C. sections 1331, 1332(a), and 1367.

3. On August 13, 2004, the Parties had entered into a trademark license agreement whereby Deja View, Inc. agreed, inter alia, to pay Krone $10,000.00 for the use of the trade name **DEJA VIEW** in Deja View, Inc.'s company name and $10,000.00 for the use of the trademark **DEJA VIEW** in Deja View, Inc.'s product line for each of the 2005 and 2006 calendar years. Deja View, Inc. further and alternatively had agreed to pay Krone $100,000.00 for the perpetual right to use the **DEJA VIEW** trade name and trademark in its business.  .

4. Deja View, Inc. has used the **DEJA VIEW** trade name and trademark in its company name and product line during the calendar years 2005 and 2006, and intends to keep doing so.

5. Deja View, Inc. did not pay Krone the agreed-upon license fee for its use of the **DEJA VIEW** trade name and trademark in its company name and product line during the calendar years 2005 and 2006, or for any future use.

6. The Parties agree that to settle all claims in this lawsuit, Deja View, Inc. will pay Krone $40,000.00 by June 1, 2006, by cashier's check or other mutually-agreeable form of payment. Upon receipt of such payment, Krone will dismiss this lawsuit with prejudice, and Deja View, Inc. shall have the right to the use of the **DEJA VIEW** trade name and trademark through December 31, 2006, in accord with the terms of parties' August 15, 2004 Trademark License Agreement. Deja View, Inc.'s right to the use of the **DEJA VIEW** trade name and trademark shall be non-exclusive and non-assignable.

7. In the event that the $40,000.00 payment referenced in paragraph 6 above is paid to and collected by Krone and further that Deja View, Inc. desires to use the **DEJA VIEW** trade name and trademark in any calendar year after 2006, Deja View, Inc. shall so notify Krone in writing no later than December 1 of the year prior to desired use and submit payment to Krone of a $20,000.00 license fee per year of use, by cashier's check or other mutually-agreeable form of payment. In that circumstance, Deja View, Inc. shall have the right to the use of the **DEJA VIEW** trade name and trademark for the year(s) for which fees are paid, in accord with the

1 parties' August 15, 2004 Trademark License Agreement. Deja View, Inc.'s right to the use of
2 the **DEJA VIEW** trade name and trademark shall be non-exclusive and non-assignable, and
3 Krone shall have a unilateral right to reject any license request by and payment from Deja View,
4 Inc. in his sole discretion.

5       8. Deja View, Inc., at any time, may acquire a perpetual right to the use of the **DEJA**
6 **VIEW** trade name and trademark upon a lump sum payment of $100,000.00 to Krone, by
7 cashier's check or other mutually-agreeable form of payment, and Krone's collection of that
8 amount. In that circumstance, Deja View, Inc. shall have the right to the perpetual use of the
9 **DEJA VIEW** trade name and trademark in accord with the parties' August 15, 2004 Trademark
10 License Agreement. Deja View, Inc.'s right to the use of the **DEJA VIEW** trade name and
11 trademark shall be non-exclusive and non-assignable, and Krone shall have a unilateral right to
12 reject any license request by and payment from Deja View, Inc. in his sole discretion. No
13 payments made to Krone by Deja View, Inc. prior to such $100,000.00 lump sum payment may
14 be used as a credit toward such $100,000.00 payment. If such a payment is made to and received
15 by Krone by June 1, 2006, Krone will dismiss this lawsuit with prejudice.

16       9. The parties further agree that if Deja View, Inc. does not pay Krone at least
17 $40,000.00 by June 1, 2006 as provided above, the Court shall enter a Stipulated Judgment in the
18 form attached hereto as Exhibit A in favor of Krone and as against Deja View, Inc. in the amount
19 of $100,000.00, and that Krone shall have an undisputed right to the entry of that judgment absent
20 payment to him by Deja View, Inc. of $40,000.00 by June 1, 2006, as provided for above. Upon
21 nonpayment by June 1, 2006, Krone shall notify the Court of the fact of nonpayment and his right
22 to entry of the Stipulated Judgment, and provide simultaneous notice to Deja View, Inc. by email,
23 facsimile and mail and provide proof of service to the Court, so that the Court may enter the
24 Stipulated Judgment forthwith. The sole issue on the entry of the Stipulated Judgment shall be
25 the payment and receipt of the Deja View, Inc. payment, as provided for above.

26       10. Each Party shall bear its own attorneys' fees and costs in this lawsuit, absent the
27 entry of the form of Stipulated Judgment in the circumstances outlined above, in which case
28 ///

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA 94304

STIPULATION FOR ENTRY OF JUDGMENT, AND [PROPOSED] ORDER     3.

Case No. C05-05024 BZ

1  Krone shall be entitled to the recovery of both his attorneys' fees and his costs in this lawsuit
2  upon application, along with post-judgment interest on the Stipulated Judgment amount.
3      11.   This lawsuit shall be stayed through June 1, 2006, to allow time for the above
4  events to transpire.

6  Dated: April 4, 2006          SQUIRE, SANDERS & DEMPSEY L.L.P.

7                                By: /s/ Michael E. Sobel
8                                    Michael E. Sobel

9                                Attorneys for WILLIAM R. KRONE III dba
10                               DEJA VIEW VIDEO PRODUCTIONS

12 Dated: April 4, 2006          DEJA VIEW, INC.

13                                By: /s/
14                                    Sid Reich
15                                    President

17 PURSUANT TO STIPULATION, IT IS SO ORDERED.

19 Dated: April 5, 2006

                                  IT IS SO ORDERED
                                  /s/ Bernard Zimmerman
                                  Judge Bernard Zimmerman
                                  U.S. [Magistrate Judge]
                                  UNITED STATES DISTRICT COURT
                                  NORTHERN DISTRICT OF CALIFORNIA

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA 94304

STIPULATION FOR ENTRY OF JUDGMENT, AND [PROPOSED] ORDER                    4.

Case No. C05-05024 BZ